UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CRYSTAL BLAKE, individually, and
on behalf of all others
similarly situated,

    Plaintiff,
v.                          Case No. 8:09-cv-2523-T-33TBM

THE SHERIFF OF POLK COUNTY, in
his official capacity,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant's Motion to Dismiss Complaint (Doc. # 4), which was filed on January 7, 2010. On February 1, 2010, Plaintiff filed a Response in Opposition to the Motion to Dismiss (Doc. # 10).

For the reasons stated below, the Motion to Dismiss is due to be granted.

## I.   **Factual Background**

On June 2, 2009, Plaintiff, Crystal Blake, was arrested by the Polk County Sheriff's Office for driving under the influence of alcohol after she was involved in a minor car collision. (Doc. # 1 at ¶¶ 20-23). According to Blake, "Once she arrived at the Jail, officers housed [her], an

adult female, in a holding cell with a large-framed male prisoner." (Doc. # 1 at ¶ 25). The only individuals in the cell were Blake and the male prisoner, and "Blake was not able to view the detention deputies and was not able to observe whether the deputies were regularly monitoring the cell." (Doc. # 1 at ¶ 16). Blake alleges that she was "terrified for her safety and well-being and horrified that she may be physically or sexually assaulted by the male prisoner." (Doc. # 1 at ¶ 28).

Blake does not state how long she was detained with the male prisoner but she does note, "It is believed that the period of time that males and females are placed in the same holding cell at the Jail is typically less than twelve hours, frequently lasting anywhere from thirty minutes to a few hours." (Doc. # 1 at ¶ 34). Thus, the Court concludes that Blake was likely housed with the male prisoner for only a few hours. Blake does not allege that she was physically harmed or even spoken to by the unnamed male prisoner.

Blake filed a putative class action complaint against the Sheriff of Polk County in his official capacity on December 16, 2009. (Doc. # 1). Blake's complaint alleges a violation of 42 U.S.C. § 1983 (Count I), negligence (Count

II) and negligent supervision (Count III). She seeks compensatory damages and an injunction barring the Sheriff from housing male and female prisoners in the same holding cell. (Doc. # 1 at ¶ 66).

**II.  Legal Standard**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.")  However,  the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

(2007)(internal citations omitted).  Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

**III. Analysis**

Dismissal is warranted because Blake's only federal claim, her Section 1983 claim, is not supported by the allegations of the complaint.  Particularly, Blake has not alleged facts showing a Constitutional violation.

Section 1983 does not, independently, confer any substantive rights.  Chapman v. Houston Welfare Rights Organization, 441 U.S. 600, 617-18 (1979)("one cannot go into court and claim a violation of § 1983 –- for § 1983 does not protect anyone against anything").  Section 1983 merely provides a remedy for the violation of rights created elsewhere in the Constitution or the laws of the United States.  Id. at 618.

To bring an action under § 1983, a plaintiff must allege (1) a deprivation of rights, privileges, or immunities secured by the federal Constitution or federal law; and, (2) and that the deprivation occurred under the color of state law.  Arrington v. Cobb County, 139 F.3d 865,

4

872 (11th Cir. 1998) (internal citations omitted). A claim against a defendant in his official capacity or a claim against a governmental entity, such as in this case, must include allegations that the defendant had in place established policies, customs, or practices that caused a Constitutional violation. <u>Jet v. Dallas Indep. Sch. Dist.</u>, 491 U.S. 701 (1989).

Blake alleges that Defendant, acting under color of state law, violated her Eighth and Fourteenth Amendment rights:

> The Plaintiff, a pre-trial detainee, possesses a constitutional right to due process under the Fourteenth Amendment to the United States Constitution, which includes the right of pre-trial detainees to be protected from a substantial risk of harm or mistreatment by other prisoners, including the right to be properly classified for housing purposes such that female prisoners are not housed in a holding cell with male prisoners.
>
> The putative class members, which may include both pre-trial detainees and inmates, likewise possesses a constitutional right to due process under the Fourteenth Amendment, and/or Eighth Amendment to the United States Constitution, which includes a right of pre-trial detainees and inmates to be protected from a substantial risk of harm or mistreatment by other prisoners, including the right to be properly classified for housing purposes such that female prisoners are not housed in a holding cell with male prisoners.

(Doc. # 1 at ¶¶ 51-52).

The Eighth Amendment prohibits the use of excessive force and cruel and unusual punishment against individuals who have been convicted of a crime. See Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). The same protections are afforded to pretrial detainees, those charged with, but not yet tried on the charge, by the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 523 (1979).

Defendant correctly argues, "Despite Plaintiff's conclusory allegations to the contrary, there is no Constitutional right of a detainee to 'be properly classified for housing purposes such that female prisoners are not housed in a holding cell with male prisoners.'" (Doc. # 4 at 4).

As stated in Wideman v. Shallowford Community Hospital, Inc., 826 F.2d 1030 (11th Cir. 1987), "Section 1983 imposes liability only for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. It does not provide a remedy for any and all injuries inflicted by persons acting under color of state law." Id. at 1032 (internal citations omitted).

In this case, Blake has not pled facts that rise to the

level of a Constitutional violation. The facts alleged in the complaint, assumed to be true on a Rule 12(b)(6) motion to dismiss, may state a cause of action for the pendent state law negligence claims.[1] These facts, however, do not support a Section 1983 claim. "Absent the existence of an underlying Constitutional right, no Section 1983 claim will lie." Id. The Court, thus, dismisses Blake's Section 1983 claim and declines to exercise discretionary jurisdiction over Blake's pendant state law claims. Accordingly, and after due consideration, the Court grants the motion to dismiss.

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED:**

(1) Defendant's Motion to Dismiss Complaint (Doc. # 4) is **GRANTED**.

(2) The Clerk is directed to enter **JUDGMENT** in favor of Defendant and **CLOSE THIS CASE**.

---

[1] Florida Statute Section 950.061, states: "It is unlawful for male and female prisoners in said jails to be confined in the same cell, room, or apartment, or be so confined as to be permitted to commingle, and the sheriffs of this state shall confine and separate all prisoners in their custody or charge in accordance with this chapter."

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>18th</u> day of March 2010.

                                                VIRGINIA M. HERNANDEZ COVINGTON
                                                  UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record